## 59191. WILLIAMS v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction for armed robbery and motor vehicle theft. *Held:*

1. The conviction for armed robbery was on an aider and abettor basis. The evidence is undisputed that defendant drove two coactors to a store in a stolen car, waited outside in the car while they robbed the store clerk, and then drove them away. Defendant claims that he did not receive effective assistance of counsel because his counsel did not get statements from the coactors or call them as witnesses to support his testimony that he did not know they were going to commit the robbery or that they had committed it when he drove them from the scene. An affidavit to this effect from a coactor is attached to defendant's brief. However, the affidavit is not in the record nor is there any other evidence to support this contention. " 'Error must be shown by the record. It cannot be demonstrated . . . by assertions in the brief of counsel which are unsupported in the record.' [Cit.]" *Bowen v. State,* 151 Ga. App. 166 (259 SE2d 169).

Assuming that the record did show that the coactors' testimony would have corroborated defendant's assertion that he did not know of the robbery, it does not follow that effective assistance of counsel was lacking. In cross

examination, after judicially confessing the vehicle theft, defendant admitted he had written a note to the coactors after they had been arrested. After being identified by defendant, the note was received in evidence. In it defendant proposed that the coactors tell a story which would completely exculpate him from participation in the robbery as well as the motor vehicle theft. It also said: "And make sure yall say yall never told me about the robbery." After such impeaching evidence from defendant's own hand, it is unlikely that calling the coactors as witnesses would have accomplished anything but a compounding of the impeachment. " 'Where a defendant is represented by employed counsel (as in the instant case) who is admitted to the Bar of this State in good standing, a prima facie case is made that the defendant was represented by a competent attorney.' [Cit.] 'While another lawyer or other lawyers, had they represented the (defendant) upon (his) trial, might have conducted (his) defense in a different manner, and might have exercised different judgments with respect to the matters referred to in (this enumeration), the fact that (his attorney) chose to try the (defendant's) case in the manner in which it was tried and made certain decisions as to the conduct of (his) defense with which (he and his) presently employed attorneys now disagree, does not require a finding that (his) representation of the (defendant) was so inadequate as to amount to a denial to (him) of the effective assistance of counsel.' [Cit.]" *Suits v. State,* 150 Ga. App. 285, 286 (257 SE2d 306). There is no merit to this enumeration.

2. We have carefully examined the evidence in this case and, contrary to defendant's contention, find the evidence sufficient to authorize a rational fact finder to find him guilty beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Submitted January 8, 1980 — Decided January 28, 1980.

*Donald C. Beskin,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret Lines, Assistant District Attorneys,* for appellee.